Matter of Hester v Stanford (2022 NY Slip Op 06520)

Matter of Hester v Stanford

2022 NY Slip Op 06520

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

533605
[*1]In the Matter of Eugene Hester, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Eugene Hester, New York City, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Patrick J. McGrath, J.), entered June 21, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent regarding petitioner's release date.
In 2013, petitioner was convicted of robbery in the second degree and was sentenced to 12 years in prison, to be followed by five years of postrelease supervision. The Department of Corrections and Community Supervision (hereinafter DOCCS) calculated that petitioner was eligible for a good time allowance of one year, eight months and 20 days (see Correction Law § 803 [c]). As such, petitioner's conditional release date was set as December 31, 2020 (see Penal Law § 70.40 [1] [b]). In October 2020, in anticipation of petitioner's release, the Board of Parole interviewed him and issued a notice advising him of special conditions that would apply to him upon his release. Prior to petitioner's conditional release date, the time allowance committee at petitioner's correctional facility recommended that his good time allowance be withheld because he had continually refused vocational and academic programming. The Acting Commissioner of DOCCS affirmed the recommendation, and, in light of the withholding of his good time allowance, petitioner was not released on the conditional release date.
In February 2021, petitioner commenced this proceeding, arguing that the Board's October 2020 notice advising him of the special conditions that would apply upon his release was a notice granting him an open parole date of December 31, 2020 and that his continued incarceration past that date constituted a recission of his parole release that was arbitrary and capricious and in violation of Board regulations. Supreme Court dismissed the petition, finding that the Board's notice informing petitioner of the special conditions of his release did not grant him parole release and, therefore, there was no recission of his parole release by the Board. Petitioner appeals.
We affirm. The record reflects that DOCCS calculated petitioner's conditional release date, taking into account his eligibility for good time allowance. Further, petitioner was not released on his conditional release date because DOCCS ultimately withheld his good time allowance for failing to complete vocational and academic programming (see Correction Law § 803 [1] [a]), not on account of any Board action or inaction.[FN1] Accordingly, we find that Supreme Court properly dismissed the petition. Petitioner's remaining argument regarding DOCCS's withholding of his good time allowance is raised for the first time on appeal and, therefore, is unpreserved for our review (see Matter of Olutosin v Annucci, 174 AD3d 1262, 1264 [3d Dept 2019], lv denied 34 NY3d 908 [2020]).
Egan Jr., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: We note that the Board lacked the authority to release petitioner to parole, as discretionary release to parole by the Board is not authorized for persons serving only determinate sentences (see Penal Law § 70.40 [1] [a] [ii]; see also William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.40 at 399 [2021 ed]). The Board is charged, however, with supervising persons during their period of postrelease supervision, and the Board acted within its authority by issuing the notice outlining the special conditions petitioner was to follow upon the commencement of his period of postrelease supervision (see Executive Law § 259-c [2]; 9 NYCRR 8003.3).